

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>NORTHEASTERN DIVISION</u>

SEP 11 2024
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   5:24-cr-00222-LCB-HNJ |
| | ) |
| **TRENTON ISAIAH MOORE** | ) |

### <u>PLEA AGREEMENT</u>

The Government and the defendant, **TRENTON ISAIAH MOORE**, hereby acknowledge the following plea agreement in this case:

### <u>PLEA</u>

The defendant agrees to (i) plead guilty to **COUNT THREE** of the Indictment filed in the above-numbered and -captioned matter; (ii) consent to a final order of forfeiture as described in section **XII** below; and (iii) waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss Counts One, Two, and Four at the time of sentencing and recommend the disposition specified below, subject to the conditions in section **VII**.

# TERMS OF THE AGREEMENT

## I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for Possession of a Machinegun, in violation of Title 18, United States Code, Section 922(o), as charged in Count Three, is:

    A.    Imprisonment for not more than 10 years;

    B.    A fine of not more than $250,000, or,

    C.    Both A and B;

    D.    Supervised release of not less than three years and up to life; and

    E.    A special assessment of $100.

## II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

On February 8, 2023, ATF Special Agents Brandon Harrison and Phil Sangster met with a CI to arrange a controlled buy of a Glock full-auto conversion backplate from TRENTON ISAIAH MOORE. SA Sangster and US Secret Service Agent Tory Green met with the CI to place a phone call to MOORE. MOORE and the CI agreed to meet at Dunwoody Place Apartments located at 5401 Millennium Drive, Huntsville, Alabama. The CI was equipped with a recording device, transmitter, and $200 in pre-recorded cash. SA Harrison followed the CI as the CI traveled to Dunwoody Place Apartments. While enroute to the Dunwoody Place Apartments, the CI received instructions from MOORE to travel to another apartment complex, Laurelwood. The CI took a wrong turn on Galaxy Way instead of Laurelwood Lane. The CI called MOORE via cell phone and MOORE told the CI to wait while MOORE came to where the CI was located.

While MOORE traveled to the CI's location, United States Marshal Task Force Officers Jonathan Henderson and Dave Bagget established surveillance near where the CI parked. TFOs Henderson and Bagget positively identified MOORE as he approached and entered the passenger side of the CI's vehicle. MOORE told the CI how to remove the firearm's backplate and install the "switch" onto a Glock. The CI handed MOORE the $200. MOORE said that he had more devices to sell.

After the controlled buy, the CI showed officers multiple photographs of MOORE in possession of several firearms, many of which appeared to have machinegun conversion devices installed.

On May 25, 2023, state law enforcement executed a state search warrant at MOORE's residence at 4430 Bonnell Avenue, Apartment A, Huntsville, Alabama. Multiple firearms were found in the apartment. State law enforcement officers asked MOORE about a specific firearm which appeared to be a short-barreled rifle from photographs viewed by law enforcement. The firearm had distinctive blue accents. The firearm was not located in the apartment. MOORE advised local law enforcement that the firearm was located at his mother's house at 194 Shelton Road, Apartment 107, Huntsville, Alabama. Officers traveled to the mother's house and received consent to search from MOORE's mother. Inside the mother's apartment, officers located the firearm from the photograph they discussed with MOORE, an Anderson Manufacturing, model AM-15, 5.56x45 mm caliber firearm bearing Serial Number 21207240.

MOORE gave a post-*Miranda* statement to SA Harrison and ATF TFO Kevin Browning. MOORE claimed all the firearms located in his house during the execution of the state search warrant. MOORE further claimed the firearm located at his mother's house. SA Harrison explained to MOORE that the short-barreled rifle MOORE claimed was his was in violation of the National Firearms Act unless it was registered to him. SA Harrison asked MOORE if he wanted to see the law on why the firearm was in violation of the NFA and MOORE responded, "I already know that…I know it." SA Harrison showed MOORE a photograph of the Anderson Manufacturing, model AM-15, 5.56x45 mm caliber firearm bearing Serial Number 21207240, to confirm they were talking about the same firearm. MOORE confirmed it was his and that he knew the law regarding short-barreled rifles. MOORE was informed of the potential jail time associated with that type of firearm and replied, "I don't even care what happens…I knew what came with it when I got that gun."

The machinegun conversion device from the February 8, 2023, controlled buy and the Anderson Manufacturing firearm were sent to the ATF Firearms & Ammunition Technology Division, Field Response Branch for analysis. Lab analysis confirmed that the machinegun conversion device was intended for use in converting a semiautomatic Glock pistol to fire automatically and it operated as intended. That is, it caused a Glock firearm to fire more than one round automatically with a single function of the trigger. Lab analysis confirmed that the Anderson Manufacturing firearm was a rifle under the National Firearms Act and that it had an overall length of approximately 25-3/4 inches and a barrel length of 7- 3/4 inches. Analysis also indicated that the Anderson Manufacturing firearm had a machinegun conversion device installed which converted the firearm into an automatic firearm. Lab analysis confirmed that the Anderson Manufacturing firearm with the machinegun conversion device installed fired more than one round automatically with a single function of the trigger. The Anderson Manufacturing firearm is not registered to MOORE in the National Firearms Registration and Transfer Record.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

*[signature: Preston Moore]*
**TRENTON ISAIAH MOORE**

### III. RECOMMENDED SENTENCE

Subject to the limitations in section **VII** regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the following disposition:

  A. That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in

recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement;

B. That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the low end of the advisory United States Sentencing Guideline range as calculated by the Court at the time of sentencing;

C. That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the Court's standard conditions of supervised release;

D. That the defendant be required to pay a fine in accordance with the sentencing guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

E. That the defendant pay a special assessment of $100.00, said amount due and owing as of the date sentence is pronounced.

## IV. WAIVERS

### A. STATUTE OF LIMITATIONS WAIVER

**In consideration of the recommended disposition of this case, I, , hereby understand, acknowledge, and agree that if this plea agreement is set aside for**

any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.

### F. RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, TRENTON ISAIAH MOORE, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

    1.    Any sentence imposed in excess of the applicable statutory maximum sentence(s);

    2.    Any sentence imposed in excess of the Guidelines range

     determined by the Court at the time sentence is imposed; and

  3.  **Ineffective assistance of counsel.**

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, **TRENTON ISAIAH MOORE**, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

      */s/ Trenton Moore*
      **TRENTON ISAIAH MOORE**

**V. UNITED STATES SENTENCING GUIDELINES**

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is not required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI.   AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT**, and that the Court is not required to accept the Government's recommendation. Further, the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII.   VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

## VIII.  OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX.  COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;

- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;

- identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;

- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;

- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## X.    AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

## XI. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## XII. FORFEITURE

The defendant agrees to consent to the entry of a final forfeiture judgment against the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(1), of all firearms and ammunition involved in or used in the commission of the offense(s) in COUNT THREE of the Indictment, including: a machinegun conversion device seized by the Bureau of Alcohol, Tobacco, Firearms and Explosives in Huntsville, Madison County, Alabama, on or about February 8, 2023, and one Anderson Manufacturing, model AM-15, 5.56x45 mm caliber rifle, bearing serial number 21207240 and any accompanying magazines and ammunition. For purposes of entering said order of forfeiture, the defendant acknowledges that a nexus exists between said firearm(s) and the criminal offense(s) to which the defendant is pleading guilty.

The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the Government, and to testify truthfully in any

judicial forfeiture proceeding. The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives the requirements of Fed. R. Crim. P. 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this plea agreement. The defendant acknowledges that the defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Fed. R. Crim. P. 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

The defendant further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including any Double Jeopardy challenges that the defendant may have to the entry of a Forfeiture Order before sentencing, and any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of this Indictment and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

### Non-Abatement of Criminal Forfeiture

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires the defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the defendant's victims, the defendant agrees that the forfeiture is primarily remedial in nature.

### XIII.   IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect

of his conviction on his immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

## XIV. DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this plea agreement consisting of 16 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here: ___N/A___
___N/A___

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this plea agreement, both individually and as a total binding agreement.

9/4/24
DATE

Trenton Moore
TRENTON ISAIAH MOORE
Defendant

## XV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this plea agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea agreement on the terms and conditions set forth herein.

9/4/24
DATE

KEVIN R. ROBERTS
Assistant Federal Public Defender

## XVI. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this plea agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

9/11/24
DATE

DAVIS A. BARLOW
Assistant United States Attorney